OPTION RESOURCE GROUP, an Illinois General Partnership; Ben Nitka, Individually, and as General Partner of Option Resource Group; and Ira Holtz, Individually, and as General Partner of Option Resource Group, Plaintiffs,

v.

CHAMBERS DEVELOPMENT COMPANY, INC., Grant Thornton, a CPA Firm and its Partners; John G. Rangos, Sr., John G. Rangos, Jr., Alexander W. Rangos, Michael J. Paretto, John M. Arthur, William E. Moffett, William R. Nelson, Hugh Scott, Richard A. Knight, John J. Cushma, Joseph G. Stotlemyer, and Charles R. Fallon, Individually, and as Representative of a Class of all Partners of Grant Thornton, Defendants.

Civil Action No. 93–0354.

United States District Court,
W.D. Pennsylvania.

Sept. 30, 1996.

Stephen Jurman, McCann, Garland, Ridal & Burke, Pittsburgh, PA, Richard N. Bell, Irwin B. Levin, Cohen & Malad, Indianapolis, IN, for Option Resource Group, Ben Nitka, Ira Holtz.

David G. Ries, Craig E. Frischman, Thorp, Reed & Armstrong, Pittsburgh, PA, for Chambers Development Co., Inc., John G. Rangos, Sr., John G. Rangos, Jr., William R. Nelson, Alexander W. Rangos, John J. Cushma, Joseph G. Stotlemeyer.

Richard R. Nelson, II, Wayne C. Holcombe, Cohen & Grigsby, Pittsburgh, PA, for Grant Thornton, Charles R. Fallon.

David G. Ries, Craig E. Frischman, Thorp, Reed & Armstrong, Pittsburgh, PA, Bernard D. Marcus, Robert L. Allman, II, Robert M.

Barnes, Marcus & Shapira, Pittsburgh, PA, for Michael J. Paretto.

J. Tomlinson Fort, John H. Demmler, Robert D. Anderle, Reed, Smith, Shaw & McClay, Pittsburgh, PA, for John M. Arthur, William E. Moffett, Hugh Scott.

Joseph F. McDonough, Jeffrey G. Brooks, Manion, McDonough & Lucas, Pittsburgh, PA, for Richard A. Knight.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court are **Chambers Defendants' Motion in Limine Concerning SEC Settlements (Document No. 95)** (filed on behalf of defendants Chambers Development Company, Inc., John G. Rangos, Sr. and Jr., Alexander W. Rangos, Michael J. Paretto, John M. Arthur, William M. Moffett, William R. Nelson, Estate of Hugh Scott, John J. Cushma and Joseph G. Stotlemyer; hereafter collectively "Chambers" defendants), and the **Motion in Limine of Defendants Grant Thornton and Charles R. Fallon** [hereafter collectively "Grant Thornton" defendants] **to Exclude References to SEC Consent Decree and Enforcement Releases Issued as a Result of Settlement and for Other Relief (Document No. 93).** After careful consideration of said motions in limine, plaintiffs' response, the memoranda in support of and in opposition to exclusion of challenged evidence, and the record as a whole, the motions in limine will be granted in part and denied in part.

## BACKGROUND

This case was consolidated on March 30, 1993, for pretrial purposes only, along with twenty related actions at Civil Action No. 92–0679, *Lovato v. Chambers Development Company, Inc.*, which was filed as a class action; eventually, twenty-three cases were consolidated by the Judicial Panel on Multi–District Litigation for pretrial purposes at MDL–982,

and designated as the *Chambers Development Securities Litigation.*[1] The consolidated action was for the most part settled upon agreement of most of the parties and approval by this Court, which certified a class of plaintiffs and a class of certain defendants for settlement purposes, and approved a substantial settlement in the vicinity of $100 million.[2]

Several plaintiffs elected to opt out of the settlement, including Option Resource Group, and its General Partners Ben Nitka and Ira Holtz (hereafter collectively "Option" or plaintiffs), who now proceed on their original complaint alleging violations of section 10(b), 15 U.S.C. § 78j(b), sections 20(a) and 20A of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a) and § 78t–1, and Rule 10b–5 of the Securities and Exchange Commission ("SEC"). Motions for summary judgment are pending in this Court.

**Parallel SEC Proceedings**

Concurrently with the civil proceedings in this Court, the SEC investigated Chambers Development Company's conduct with regard to its accounting practices and numerous securities filings and announcements made to the trading public regarding its capitalization of expenses, earnings and overall financial picture, and the conduct of several of its officers and employees, and of Grant Thornton and several of its partners or employees who were responsible for auditing Chambers. The SEC investigation concluded with settlements of the several separate administrative actions and accompanying administrative findings, conclusions and orders.

The SEC issued Auditing and Accounting Enforcement Release (hereafter "Release") No. 767, sanctioning John M. Golberger, an audit partner of Grant Thornton, and C. Kirk French, a senior manager in the audit department, for improper professional conduct and violations of various Generally Accepted Accounting Principles ("GAAP") and Gener-

---

1. For a more detailed explanation of the allegations of the consolidated amended class action complaint, *see In re Chambers Development Sec. Lit.,* 848 F.Supp. 602 (W.D.Pa.1994).

2. *See In re Chambers Development Sec. Lit.,* 912 F.Supp. 822 (W.D.Pa.1995); *In re Chambers Development Sec. Lit.,* 912 F.Supp. 852 (W.D.Pa. 1995).

ally Accepted Auditing Standards ("GAAS").[3] As a result of this settlement and Release, Goldberger and French were denied the privilege of appearing or practicing before the SEC as accountants for at least 18 months, after which they could seek reinstatement.

The SEC also issued Releases finding violations of several GAAP or GAAS provisions and/or violations of various securities laws and regulations, and ordering disciplinary sanctions against defendants Chusma and Richard A. Knight, accountants who were permanently denied the privilege of appearing or practicing before the SEC, and also ordering these defendants and defendants John G. Rangos, Sr., and William Nelson, and another Chambers official, Dale O. Nolder, Jr., to cease and desist from causing any violations of certain securities laws, rules and regulations.[4]

Additionally, on May 9, 1995, the SEC filed a civil injunctive action in this Court, *Securities and Exchange Commission v. Chambers Development Company, Inc.*, at Civil Action No. 95–0693, along with a Consent and proposed Final Judgment of Permanent Injunctive and Other Relief. The case was settled, and closed on May 31, 1995, pursuant to the Consent which manifested the willingness of Chambers to accept the terms of the Final Judgment which, inter alia, permanently enjoins Chambers from violating specific provisions of the Securities Act of 1933, Securities Exchange Act of 1934 and the Rules promulgated thereunder regarding fraudulent omissions and misrepresentations in the sale and purchase of securities, and obligated Chambers to pay a civil monetary penalty in the amount of $500,000.00.

Chambers executed the Consent and Final Judgment "without admitting or denying any of the allegations in the complaint...." Chambers Defendants' Motion in Limine, Exhibit 5, Consent. Chambers did, however, acknowledge the SEC's policy, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order imposing a sanction while denying the allegations of the complaint. *Id.* at ¶ 9.[5]

In the several SEC disciplinary and administrative actions, each of the respondents submitted, and the SEC accepted, Offers of Settlement. Each Release contains a proviso stating the findings of the investigation are solely for the SEC proceedings, and are not binding on any other person or entity named as respondents in SEC proceedings; additionally, while there are some variations in the exact language, each Release provides that the named respondent consents to the entry of the SEC's findings and an order imposing sanctions and/or enjoining violations of the securities laws, without, however, admitting or denying the facts, findings and/or conclusions set forth therein.

## SEC Findings and Conclusions

Section 21(a) of the Securities Exchange Act of 1934 authorizes the SEC, in its discretion, to make such investigations as it deems necessary to determine whether any person has violated any securities laws, rules or regulations, and "to publish information concerning any such violations, and to investigate any facts, conditions, practices, or matters, which it may deem necessary or proper to aid in its enforcement of such provisions...." 15 U.S.C. § 78u(a). Pursuant to

---

3. *In re John M. Goldberger, CPA, and C. Kirk French, CPA,* Exchange Act Rel. No. 39921, Fed. Sec. L. Rep. (CCH) ¶ 74,282 (March 5, 1996).

4. *In re John G. Rangos, Sr.,* Exchange Act Rel. No. 35693, [1991–1995 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 74,132 (May 9, 1995); *In re John J. Cushma,* Exchange Act Rel. No. 35691 [1991–1995 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 74.130 (May 9, 1995); *In re William R. Nelson,* Exchange Act Rel. No. 35690 [1991–1995 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 74,-129 (May 9, 1995); *In re ale O. Nolder. Jr.,* Exchange Act Rel. No. 35692 [1991–1995 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 74,131 (May 9, 1995); *In re Richard A. Knight,* Ex-

change Act Rel. No. 38893, Fed. Sec. L. Rep. (CCH) ¶ 74,279 (February 27, 1996).

5. Section 202.5(e) provides that in order "to avoid creating, or permitting to be created, an impression that a decree is being entered or a sanction imposed, when the conduct alleged did not, in fact, occur ...," the SEC will not permit a respondent to consent to an order imposing a sanction while denying the allegations. 17 C.F.R. § 202.5(e). "In this regard, the Commission believes that a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits or denies the allegations." *Id.*

this authority, the SEC launched and continued the investigation into the accounting practices and securities offerings procedures and filings of Chambers' and Grant Thornton's officers and employees which, plaintiffs assert without contradiction, involved at least 33 days of testimony and SEC review of thousands of documents.

As is its practice, in each Release, the SEC set forth detailed findings with regard to the conduct of the respondents, and concluded that each had violated certain GAAS or GAAP, and/or certain securities laws, rules or regulations. This Court will not belabor these findings and conclusions. Suffice it to say that, for the litigants in this suit, important findings include that the auditors and in-house accountants violated several GAAP and GAAS, and that key officers of Chambers, including John G. Rangos, Sr., its President, were responsible for at least some of the violations of the securities laws, rules or regulations.

After reviewing plaintiffs' **Pretrial Conference Memorandum (Document No. 79),** the defendants filed their respective motions in limine seeking to exclude evidence of and references to the Consent and Final Judgment in the civil proceeding in this Court, the administrative settlements and Enforcement Releases, and all of the SEC findings and conclusions reached in the process of reaching the administrative settlements. Additionally, the defendants request this Court to strike the offending material from plaintiffs' filings, including their motion for summary judgment and pretrial conference memorandum.

Defendants argue that admission of this information would violate a number of the Federal Rules of Evidence, specifically Fed.R.Evid. 402, 403, 408, 801, and 802. The Court agrees that the Consent and Final Judgment, and the actual settlements and Enforcement Releases are inadmissible pursuant to Rule 408, and will grant the motions in limine to exclude them. However, Rule 408 does not preclude the introduction of the SEC's findings, including the opinions and conclusions, rendered in the administrative proceedings, and while such findings and conclusions may constitute hearsay under Rules 801 and 802, they are plainly admissible under Rule 803(8)(C), the "Public records and reports" exception. Moreover, the Court cannot conclude at this stage of the proceedings that the Rule 403 balancing requires the exclusion of said evidence. Accordingly, the motions in limine will be denied with regard to the SEC's findings, opinions, and conclusions.

**Rule 408**

Rule 408 provides: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim ... is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." Fed.R.Evid. 408. The rule does not require exclusion of such evidence where it is offered for some legitimate purpose other than to prove the validity of the claim or amount, such as to show bias or prejudice of a witness. *Id.*

◼ Clearly, the Consent and Final Judgment in the civil proceeding and the Releases/settlements in the SEC proceedings, and evidence of conduct of the parties or statements made *in the course of* those settlement negotiations, must be excluded by the plain language of this rule. *See, e.g., Petruzzi's IGA Supermarkets, Inc. v. Darling–Delaware Co., Inc.,* 998 F.2d 1224, 1247 (3d Cir. 1993) (evidence of settlements in two antitrust actions inadmissible under Fed.R.Evid. 408); *In re Japanese Elec. Prods. Antitrust Lit.,* 723 F.2d 238, 275 (3d Cir.1983), *rev'd on other grounds sub nom Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 471 U.S. 1002, 105 S.Ct. 1863, 85 L.Ed.2d 157 (1985) (Consent Decision and acquiescence in Recommendation Decision entered between respondents and the Japanese Fair Trade Commission in electronics products "dumping" proceedings were not admissible in a related civil judicial proceeding). *See also Kramas v. Security Gas & Oil, Inc.,* 672 F.2d 766, 772 (9th Cir.1982) (exclusion of evidence of SEC Consent Decision affirmed, albeit pursuant to Rule 404(b) and Rule 403); *Beck v. Cantor, Fitzgerald & Co., Inc.,* 621 F.Supp.

1547, 1565 (N.D.Ill.1985) (exclusion of all evidence of SEC investigation, SEC opinion and plaintiff's acquiescence in the SEC opinion as "irrelevant and immaterial for several reasons", including Court's view that plaintiff's acquiescence in SEC opinion was inadmissible pursuant to Rules 408 and 410); *In re Cenco Inc. Sec. Lit.*, 601 F.Supp. 336, 337 n. 3 (N.D.Ill.1984) (references to SEC Accounting and Auditing Enforcement Release inadmissible as evidence of settlement pursuant to Rule 408).

As the Court understands plaintiffs' response, they do not seriously champion the admissibility of the consent and settlement releases themselves, but expend their energies in seeking the admission of the factual findings entered therein. Accordingly, evidence pertaining to the fact of compromise and settlement of the SEC administrative proceedings and the Consent and Final Judgment issued in the related civil proceeding in this Court must be excluded under Rule 408, which includes statements and conduct made in the course of compromise negotiations. *See Affiliated Mfrs., Inc. v. Aluminum Co. Of America*, 56 F.3d 521, 527 (3d Cir.1995). However, the findings and opinions/conclusions of the SEC, being rendered pursuant to the SEC's independent obligations to enforce the securities laws and not as a part of the actual compromise negotiations, are not governed by Rule 408. *Id.* at 526, 530 (statements of government officers as to amount of government's liability were not excluded under Rule 408 because they were required by statute and were not offers of compromise), *citing United States v. 320.0 Acres of Land*, 605 F.2d 762 (5th Cir.1979) (while internal memoranda issued by a party to provide a basis for compromise negotiations was properly excluded thereby); *Japanese Electronic*, 723 F.2d at 275.

**Rule 402**

■ Grant Thornton defendants suggest the factual findings and conclusions of the SEC are not relevant mostly because the respondents in the SEC proceedings did not admit the facts found and conclusions rendered. Rule 402 simply proclaims: "All relevant evidence is admissible. . . . Evidence which is not relevant is not admissible." Relevant evidence is defined as that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. While the findings of an administrative agency which it is authorized to make in matters within its expertise can be contested at trial, just as an expert witness's testimony can be challenged, such findings are plainly relevant on the issues found. *In re Nautilus Motor Tanker Co., Ltd.*, 85 F.3d 105, 112 (3d Cir.1996) (contents of Coast Guard report setting forth its findings after investigation as to responsibility for oil spill "were directly relevant to the issues before the district court . . . ." under Rule 402); *Japanese Electronic*, 723 F.2d at 269 (Treasury Department findings on issue of price disparities are "plainly relevant"). That respondents therein did not admit the findings/conclusions goes to the weight of the evidence, not its relevance. *Id.*

**Rule 403**

In the alternative, defendants argue this Court, pursuant to Fed.R.Evid. 403, should exclude the challenged evidence which "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." At a minimum, it is premature to decide the Rule 403 issue at the summary judgment stage of this case, and the Court will reserve ruling on this objection until trial should the case proceed to that stage. *Japanese Electronic*, 723 F.2d at 270. When called upon to decide the 403 objection at trial, this Court will consider *Japanese Electronic* carefully, for, although it does not decide, it seriously undercuts the argument that admission of an agency's reliable factual findings can cause *"unfair* prejudice." [6]

---

**6.** Plaintiffs argue that if the factual findings are excluded pursuant to any of the rules advanced by defendants, nevertheless they should be deemed admissible pursuant to Fed.R.Evid. 703, Bases of Opinion Testimony by Experts, because their experts have relied upon such factual find-

**Rule 803(8)(C)**

█ Defendants also seek to exclude the SEC's factual findings and conclusions and any references thereto by plaintiffs' expert and fact witnesses, as hearsay pursuant to 802. Plaintiffs are correct, however, that the SEC's factual findings are admissible under Rule 803(8)(C), the "Public records and reports" hearsay exception. Rule 803(8)(C) provides, in pertinent part, for the admission of "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings and against the Government in criminal cases, *factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.*" This "factual findings" exception permits the admission of statements of an agency in the form of opinions and conclusions. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 170, 175, 109 S.Ct. 439, 450, 452–53, 102 L.Ed.2d 445 (1988) ("We hold ... portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion.").

Defendants vigorously contend the factual findings and conclusions of the SEC are untrustworthy and inadmissible for a number of reasons, including the lack of formal hearings and opportunity of these parties to cross-examine the witnesses to the SEC proceedings and otherwise fully participate therein, and the fact they were issued as an integral part of the Releases announcing the settlement of the SEC administrative proceedings. This Court deems the trustworthiness issue foreclosed by the detailed opinion of the Court of Appeals for the Third Circuit in *Japanese Electronic* which thoroughly reviewed the complex evidentiary rulings of then District Judge Becker who had excluded certain agencies' findings pursuant to Rule 803(8)(C) as untrustworthy. Judge Becker's untrustworthy determination was based on a host of factors, including the lack of an evidentiary hearing and the opportunity to cross-examine adverse witnesses and present argument to the agencies.

In reversing the district court for abuse of discretion, the Court of Appeals stated "Neither singly nor collectively do these reasons overcome the presumption of reliability." 723 F.2d at 268. Although an agency's mere notice of "probable cause" to conduct an investigation is not an adequate "finding" to qualify for the 803(8)(C) exception, *id.* at 266, the "indice of reliability for the government [final] investigative report is the fact that it was prepared pursuant to a duty imposed by law." *Id.* at 268.

"[P]ublic reports are presumed admissible in the first instance and the party opposing their introduction bears the burden of coming forward with enough 'negative factors' to persuade a court that a report should not be admitted." *Nautilus,* 85 F.3d at 113, *citing Beech Aircraft,* 488 U.S. at 167, 109 S.Ct. at 448–49. Defendants have not met their burden in this case.

█ Moreover, the fact that an agency or the parties before it provide by rule or stipulation that the factual findings are not binding and disclaim their viability in other proceedings does not control their admissibility in federal civil proceedings, wherein the admissibility of evidence is governed by the Federal Rules of Evidence unless overridden by the constitution, an act of Congress, or Supreme Court rule. *Nautilus,* 85 F.3d at 112. Accordingly, the SEC's factual findings, including its opinions and conclusions, are admissible under Rule 803(8)(C).

## CONCLUSION

For the foregoing reasons the defendants' motions in limine will be granted in part and denied in part. An appropriate Order will be entered.

ings in rendering their expert opinions. The Court need not resolve this issue at this time, in light of its ruling that said findings are admissible. However, in the event this Court rules at trial that any proffered factual finding of the SEC is inadmissible pursuant to Rule 403, Rule 703 would be an unlikely source of its admissibility as "Rule 703 cannot be used as a backdoor to get the evidence before the jury." *Emigh v. Consolidated Rail Corp.,* 710 F.Supp. 608, 612 (W.D.Pa. 1989).

## ORDER OF COURT

AND NOW, this 30th day of September, 1996, for the reasons set forth in the accompanying opinion, it is **HEREBY ORDERED AS FOLLOWS:**

1. **Chambers Defendants' Motion in Limine Concerning SEC Settlements (Document No. 95) is GRANTED IN PART AND DENIED IN PART;**

2. **Grant Thornton Defendants' Motion in Limine to Exclude References to SEC Consent Decree and Enforcement Releases Issued as a Result of Settlements and for Other Relief (Document No. 93) is GRANTED IN PART AND DENIED IN PART;**

3. All evidence, references or testimony concerning the Consent and Final Judgment at Civil Action No. 95–0693 and the SEC Enforcement Releases and the fact of compromise and settlement of those administrative proceedings, including any statements and conduct made during the course of compromise negotiations, shall be excluded pursuant to Fed.R.Evid. 408, except as provided in Paragraph 4, and will not be considered by the Court for summary judgment or other purposes; such materials and matters need not be stricken from the plaintiffs' pleadings and other documents filed with the Court, but no reference may be made to them in any fashion, directly or indirectly, written or oral, at trial;

4. The factual findings of the SEC set forth in the various Enforcement Releases, including its conclusions and opinions, are admissible pursuant to Fed.R.Evid. 803(8)(C), and will be considered by the Court for purposes of the summary judgment motions, and at trial, subject to the conditions set forth in paragraph 5;

5. At trial, neither the parties, counsel, nor their respective witnesses shall refer in any fashion, directly or indirectly, written or oral, to said factual findings, and shall not attempt to adduce testimony thereon, until the admissibility of the evidence is raised at side bar outside of the presence of the jury, at which the Court will entertain and resolve any objections made pursuant to Fed.R.Evid. 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.

Plaintiffs' counsel shall serve all parties with a copy of this order forthwith.